UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JO ANNE DREYER,

    Plaintiff

v.

ROYAL CARIBBEAN CRUISES LTD., a/k/a
ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION, d/b/a
ROYAL CARIBBEAN CRUISE LINE and
d/b/a ROYAL CARIBBEAN INTERNATIONAL

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, JO ANNE DREYER, hereby sues the Defendant and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, JOANNE DREYER, is sui juris and is a resident of Irving, Texas.

3. **THE DEFENDANT**. The Defendant, ROYAL CARIBBEAN CRUISES, LTD., a/k/a ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, d/b/a ROYAL CARIBBEAN CRUISE LINE and d/b/a ROYAL CARIBBEAN INTERNATIONAL, (hereinafter referred to as RCCL or Defendant or the cruise line), is a citizen of the foreign nation of Liberia, is incorporated outside of the state of Florida in the nation of Liberia, but does business in the State

1

of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on January 8, 2018.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel RCCL *Liberty of the Seas*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred on Deck 11.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF THE INCIDENT.** On January 8, 2018, RCCL knew its vessel, *Liberty of the Seas* was sailing in inclement weather and/or rough sea conditions, yet did not prepare, warn, monitor, and/or have the adequate safety measures in place at doorways where passengers reasonably might walk. Because the upper decks of *Liberty of the Seas*, including Deck 11, feature walking surfaces, which transition in and out of open to more enclosed deck areas, RCCL knows or should know from experience that doorways can become dangerous and susceptible to wind and drafts. In turn, RCCL knows or should know that doorways can suddenly, and unexpectedly slam shut during adverse weather and/or wind causing incidents and injuries. RCCL also knows that it is dangerous for passengers to walk on the decks of the ship during poor weather and that RCCL must take precautionary measures and warn passengers of this danger. RCCL knows or should know that warning signs, safety measures, and/or devices can and should be in place at doorways to reduce and/or eliminate the dangers and obstacles of walking on the decks, including during times of rough weather and seas.

11. On January 8, 2018, RCCL's failure to properly maintain, monitor, and/or warn about its doorway to and from the Solarium on Deck 11 caused the door to suddenly slam into

3

Plaintiff Dreyer during a wind draft as she walked through the doorway. The force of the door caused Plaintiff Dreyer's right foot to jam in the doorway and caused Plaintiff Dreyer to fall and fracture her right hip/femur. RCCL's negligence caused Plaintiff Dreyer to suffer serious injuries, including but not necessarily limited to a fracture of the right hip intertrochanteric region, requiring ORIF of the right femur. Plaintiff Dreyer has experienced an arduous recovery period, including requiring the care of a home health aide.

## COUNT I: NEGLIGENCE

12. The Plaintiff, JO ANNE DREYER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 11, above.

13. This is an action for negligence. RCCL has a reasonable duty of care under the circumstances to provide and otherwise maintain its walkways, doors, and/or doorways in a safe condition, especially on Deck 11 where this incident occurred on *Liberty of the Seas*. The circumstances are that RCCL owns and/or manages more than twenty (20) cruise ships, including the RCCL *Liberty of the Seas*. RCCL features decks, which feature doorways like the one involved in Plaintiff's incident on *Liberty of the Seas'* Deck 11, on all of its ships—the deck on which many of the ship's amenities are located. Because of the amenities, RCCL knows that Deck 11 is an extremely high traffic area. Furthermore, RCCL knows that its vessels, including *Liberty of the Seas* at the time of the subject incident, will invariably travel through rough seas or experience inclement weather conditions during the life of the vessel. Thus, RCCL knows from experience it must inspect, maintain, select, and provide reasonably safe access and escape routes to and from the different areas of its vessel, including on Deck 11 of *Liberty of the Seas*. This includes safe, unobstructed access under foreseeable conditions and climates where RCCL's vessels sail. RCCL also knows that inclement weather and rough seas are features of maritime travel and cruising. Therefore, RCCL's duty of care includes selecting, monitoring, inspecting, and/or maintaining,

4

safe doorways and walkways under foreseeable conditions, including weather and rough seas; as well as warning and/or remedying against the danger of incidents and injuries which could occur on its deck, including on the decks, doorways, and walkways of Deck 11 on a regular basis.

14. RCCL knew or should have known of the dangerous doorway condition on Deck 11 of *Liberty of the Seas* where Plaintiff Dreyer was injured on January 8, 2018 for several reasons. First, RCCL operates many Lido decks/open deck areas onboard the RCCL *Liberty of the Seas* and its other ships. Therefore, RCCL knows from experience that passengers spend substantial time lounging, eating, drinking, sunbathing, and walking on Deck 11 and similar decks under a variety of conditions.  Second, RCCL and its crewmembers know from experience that the decks, like Deck 11, can become dangerous when exposed to weather or rough sea conditions, such that passengers can and do suffer falling incidents and injuries.  Thus, RCCL knows that it should inspect, monitor, maintain/modify, cordon off, and/or warn of dangerous conditions on Deck 11 on a regular basis, including at or around doorways and thresholds.  Third, RCCL knows from prior incidents at the doors and/or doorways of *Liberty of the Seas* as well as from incidents at the doors and doorways on its other vessels that such doorways, including but not necessarily limited to those found on Deck 11 of *Liberty of the Seas*, can cause incidents and injury.  RCCL knows this because of regular complaints from passengers and because of incidents resulting in injuries to passengers who visit the medical infirmaries. Fourth, RCCL inspects, maintains (or should maintain), cleans, and/or monitors the deck and doorway areas of its ships on a regular basis.  From that cleaning/monitoring/maintenance and/or repairs, RCCL and its crewmembers know or should know that its doorways can cause incidents and injuries under foreseeable conditions, such as wind or poor weather and seas, especially if not maintained with the necessary safety equipment and/or safety devices.  RCCL's knowledge is also illustrated through its cruise literature, warnings, signs, and/or internal policies, procedures, and rules, which address warning against dangerous

conditions as described herein, or address maintaining safe walking surfaces, escape routes, and/or doorways. Likewise, RCCL knows or should be aware of consensus industry standards, codes, regulations, treaties, and/or laws, including maritime industry standards and codes regarding doorways, walking surfaces, and/or escape routes, which place RCCL on notice of the dangerous condition and address the suitability of the doors used by RCCL on *Liberty of the Seas*. Lastly, RCCL actively selects and works with the builders and contractors of its vessels. RCCL participates, selects, purchases, and/or approves of the doors and related safety products installed at its doorways on *Liberty of the Seas*. Thus, RCCL knows or should know that there are products, installations, and/or safety features, which must be regularly and satisfactorily maintained to prevent, reduce, and/or avoid incidents and/or injuries like that suffered by Plaintiff Dreyer.

15. RCCL, through its agents or employees, either (a) created the dangerous condition by selecting and maintaining the condition on Deck 11 where the Plaintiff was injured, and thus knew about the dangerous condition; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

16. RCCL had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed on decks of its vessels, as well as on Deck 11 of *Liberty of the Seas,* and would be apparent to any RCCL employee passing by; (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity and/or (d) the fact that the dangerous condition violated industry standards, codes, regulations, treaties, and/or laws of which RCCL knew or should have known. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care RCCL should have known about it.

17. In the alternative, notice to RCCL is not required because RCCL (a) engaged in and was guilty of negligent maintenance; (b) engaged in and was guilty of selecting this door/doorway, which was not suitable for conditions of use; (c) and/or engaged in and was guilty of negligence of a uniquely maritime character because the *Liberty of Seas* was traveling through rough seas and/or weather. Therefore, no notice to RCCL is required.

18. RCCL breached its duty of reasonable care under the circumstances by failing to properly inspect and monitor the walking surfaces, doors, and/or doorways on its decks, including Deck 11; by failing to maintain and prepare the decks for rough weather and sea conditions, including the Deck 11 doorway where Plaintiff Dreyer was injured on January 8, 2018; by allowing the walking surfaces and doorways on Deck 11 to remain in a unreasonably dangerous condition for an unreasonable, extended period of time without providing sufficient warnings and/or taking appropriate remedial measures; by failing to adequately warn passengers that its walking surfaces and doorways on Deck 11, including the doorway where Plaintiff Dreyer's incident took place, can cause incidents and injuries; by selecting, modifying, and/or maintaining a door/doorway on Deck 11, which was not suitable for the foreseeable conditions of use (i.e. use on decks of the cruise ship which can be exposed to rough weather and/or sea conditions); by failing to install alternative doors on its decks, including at the doorway on Deck 11 where Plaintiff Dreyer's incident occurred, which would be safe for use during all foreseeable conditions, including inclement weather and/or rough seas; by failing to warn passengers of the unreasonably, dangerous doorway condition of the subject area, and/or failing to block or cordon it off; by failing to maintain the doorway and keep any and all safety features of the door or doorway in proper operating condition so as to avoid incidents and injuries like that suffered by Plaintiff Dreyer; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to adhere to recognized,

7

consensus industry standards, including maritime industry standards; by failing to comply with RCCL's own standards on selecting, maintaining, warning, and/or making safe its walkways, doors, and/or doorways, especially those on Deck 11; and by failing to otherwise make safe the walkway, doorway, and/or door(s) on decks of Deck 11 of *Liberty of the Seas* on January 8, 2018.

19. These breaches of RCCL's reasonable duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On January 8, 2018, RCCL knew its vessel, *Liberty of the Seas* was sailing in inclement weather, yet did not prepare, warn, monitor, and/or have the adequate safety measures in place at doorways where passengers reasonably might walk. Because the upper decks of *Liberty of the Seas*, including Deck 11, feature walking surfaces, which transition in and out of open to more enclosed deck areas, RCCL knows or should know from experience that doorways can become especially dangerous and susceptible to wind and drafts. In turn, RCCL knows or should know that doorways can suddenly, and unexpectedly slam shut during adverse weather and/or wind causing incidents and injuries. RCCL also knows that it is dangerous for passengers to walk on the decks of the ship during poor weather and that RCCL must take precautionary measures and warn passengers of this danger. RCCL knows or should know that safety measures and/or devices can and should be in place, including at doorways to reduce and/or eliminate the dangers of walking on the decks during rough weather.

20. On January 8, 2018, RCCL's acts and omissions noted herein, including the failure to properly maintain, monitor, and/or warn about walking through the doorway to and from the Solarium on Deck 11, caused the door to suddenly slam into Plaintiff Dreyer as she walked through the doorway during a gust of wind. The force of the door caused Plaintiff Dreyer's right foot to jam in the doorway and caused Plaintiff Dreyer to fall and fracture her right hip/femur. RCCL's negligence caused Plaintiff Dreyer to suffer serious injuries, including but not necessarily limited to a fracture of the right hip intertrochanteric region, requiring ORIF of the right femur. Plaintiff

Dreyer has experienced an arduous recovery period, including requiring the care of a home health aide.

21. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: _s/Christopher B. Smith_
John H. Hickey (FBN 305081)
hickey@hickeylawfirm.com
Christopher B. Smith (FBN 0121925)
csmith@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Ste. 510

Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*